**Aaron Michael MERCADO,**
**Petitioner–Appellant,**

**v.**

**Cal TERHUNE, Director CDC; California State Attorney General,**
**Respondent–Appellee.**

No. 00–55139.

D.C. No. CV–99–00241–RJT.

United States Court of Appeals,
Ninth Circuit.

Submitted July 9, 2001.*

Decided July 24, 2001.

Before KOZINSKI, T.G. NELSON and TALLMAN, Circuit Judges.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Aaron Mercado, a California state prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), we review de novo, *See Dows v. Wood,* 211 F.3d 480, 484 (9th Cir.2000), and we affirm.

Mercado contends that his convictions for first degree murder and related crimes must be reversed because his Sixth Amendment right to confrontation was violated by admission of a non-testifying co-defendant's confession that implicated Mercado. Mercado's contention lacks merit because, although the evidence was admitted in violation of Mercado's right to confrontation, it was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (holding that a harmless error standard maybe applied to confrontation clause violations if a court is able to declare a belief that such an error was "harmless beyond a reasonable doubt").

Indeed, the record is replete with overwhelming evidence of Mercado's guilt including: 1) testimony by Mercado's best friend that Mercado informed him of the plan to kill the victim prior to commission of the crime, and later confessed, and confession to the crime; 2) a shotgun found in Mercado's home identified by Mercado's best friend as the weapon he helped Mercado clean after the crime, and matching expended shells found at the crime scene, and 3) the testimony of the co-defendant's

girlfriend placing Mercado with the victim around the time that the murder took place. In light of the substantial evidence of guilt, the admission of the challenged evidence was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (holding that a harmless error standard maybe applied to constitutional violations if a court is able to declare a belief that such an error was "harmless beyond a reasonable doubt").

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.